**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG, | No. 11-16653 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-00464-RS |
| v. | |
| JOHN E. POTTER, in his official capacity as Postmaster General, United States Postal Service, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Kuang-Bao P. Ou-Young appeals pro se from the district court's judgment

in his Title VII action alleging claims for employment discrimination, retaliation,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and hostile work environment based on his race. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Vazquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004), and for an abuse of discretion the dismissal of an action for failure to prosecute, *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court properly granted summary judgment on Ou-Young's employment discrimination and retaliation claims because Ou-Young failed to raise a genuine dispute of material fact as to whether he was treated less favorably than a similarly situated employee or whether defendant's proffered reason for taking adverse employment action against him was pretextual. *See Vazquez*, 349 F.3d at 640-42, 644-47 (setting forth elements of prima facie employment discrimination and retaliation claims under Title VII).

The district court did not abuse its discretion in alternatively dismissing the action for failure to prosecute because Ou-Young repeatedly refused to respond to written discovery, attend his deposition, submit a substantive opposition to summary judgment, or otherwise participate in the litigation despite being warned about the consequences of his actions. *See Al-Torki*, 78 F.3d at 1384-85 (listing factors for dismissal, including willful, inexcusable failure to prosecute).

Ou-Young waived his right to appeal the earlier dismissal of his hostile

work environment and other non-Title VII claims because Ou-Young's intentional failure to prosecute the action rendered that decision non-appealable. *See id*. at 1386 (willful failure to prosecute forfeits a litigant's right to appeal interlocutory orders before final judgment that would otherwise be appealable).

We do not consider issues Ou-Young raises for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Ou-Young's remaining contentions are unpersuasive.

**AFFIRMED.**